UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA L. FRIEDEBERG,

                            Plaintiff,

            -against-

THE POSTMASTER OF NORWICH, CT
06360; THE ROMAN CATHOLIC
PSYHCHIATRIST OF NORWICH,

                            Defendants.

1:25-CV-8245 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Donna L. Friedeberg, of Norwich, Connecticut, brings this action *pro se*. She sues:

(1) "the Postmaster of Norwich," Connecticut ("the Postmaster"); and (2) "the Roman Catholic

Psychiatrist of Norwich," Connecticut ("the psychiatrist").[1] For the following reasons, the Court

transfers this action to the United States District Court for the District of Connecticut.

### DISCUSSION

The appropriate venue provision for Plaintiff's claims against the Postmaster in his or her

official capacity or under color of his or her legal authority[2] is found at 28 U.S.C. § 1391(e)(1),

which provides that, unless otherwise provided by law, any civil action brought against a federal

agency or a federal official acting in his or her official capacity or under color of his or her legal

authority must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a
> substantial part of the events or omissions giving rise to the claim occurred, or a

---

[1] Plaintiff has neither paid the fees to bring this action nor submitted an *in forma pauperis* application.

[2] Plaintiff's claims against the Postmaster appear to arise out the United States Postal Service's alleged failure to deliver to Plaintiff, or deliver to her promptly, copies of *The New York Post* for which Plaintiff had paid a subscription for mail delivery.

substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

The appropriate venue for Plaintiff's claims against the Postmaster in his or her individual capacity, and for any of Plaintiff's claims against the psychiatrist, is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b).

For the purposes of both of these provisions, a "natural person" resides in the judicial district where the person is domiciled. § 1391(c)(1).

Plaintiff, who resides in Connecticut, seems to allege that both of defendants also reside in Connecticut. The State of Connecticut constitutes one federal judicial district. *See* 28 U.S.C. § 86. Thus, the United States District Court for the District of Connecticut, and not this court, is a proper venue for this action under Section 1391(b)(1) and (e)(1)(A). In addition, the alleged events that are the bases for Plaintiff's claims appear to have all taken place in Connecticut; Plaintiff alleges nothing to suggest that any of those events took place within this judicial district. Thus, the United States District Court for the District of Connecticut, and not this court, is a proper venue for this action under Section 1391(b)(2) and (e)(1)(B). In addition, because Plaintiff resides in Connecticut, and because her claims against the Postmaster in his or her official capacity or under color of his or her legal authority do not appear to involve real property, the

United States District Court for the District of Connecticut, and not this court, is a proper venue for Plaintiff's abovementioned claims against the Postmaster under Section 1391(e)(1)(C). Accordingly, this court is not a proper venue for this action and the United States District Court for the District of Connecticut is the only proper venue for this action.

Under 28 U.S.C. § 1406, if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff, a Connecticut resident, is suing individuals who reside in Connecticut, arising from events that, Plaintiff alleges, all occurred in Connecticut. Accordingly, as discussed above, the only proper venue for this action is the United States District Court for the District of Connecticut. In the interest of justice, the Court transfers this action to that court. *See id.*

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 16, 2025
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge